IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-HC-2205-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| THOMAS MATHERLY, | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion (D.E. 148) for permission to produce the various experts' forensic evaluations of respondent that have been filed under seal in this case to state officials in accordance with 18 U.S.C. § 4248(d) and to the United States Probation Office ("Probation Office") and other federal law enforcement officials who request such information for official law enforcement purposes. Respondent has filed a response (D.E. 149) in partial opposition to the motion.

### DISCUSSION

On 3 May 2012, the court entered judgment (D.E. 134) in this case, finding that respondent is a sexually dangerous person under the Adam Walsh Act and committing him to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4248. Section 4248 provides that, following commitment, the Attorney General "shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment" and that reasonable efforts must be made to cause the state to assume the responsibility. 18 U.S.C. § 4248(d). The government states that the Bureau of Prisons ("BOP") is making these efforts with respect to respondent on behalf of the Attorney General and that the appropriate officials of the states in question require a copy of all expert forensic

evaluations filed in this case in order to determine whether such states will assume responsibility for respondent. Respondent does not object to the release of the sealed evaluations to the appropriate state officials for this purpose, and the motion will be allowed in this regard.

Respondent does object to the government's request to release the sealed evaluations to the Probation Office and other federal law enforcement officials who request such information for official law enforcement purposes. With respect to disclosure to the Probation Office (typically effected by the BOP when permitted), respondent argues that it is premature because there is no impending release of respondent to Probation Office supervision. But respondent offers no explanation as to how disclosure of the evaluations at this time would prejudice him, and the court is unable to otherwise identify any potential prejudice. This portion of the government's motion will therefore be allowed, provided that use of the evaluation shall be expressly limited to coordination of the psychological, psychiatric, and other mental health treatment of respondent while on any supervised and/or conditional release and other facilitation of the supervision of respondent in accordance with the terms of such release. The disclosure permitted herein will also be expressly subject to the provision in the standing order applicable to this case, as identified below, prohibiting documents designated as "Attorney's Eyes Only" from being shown to the respondent based on the perceived risk of harm to him or others presented by doing so.

As to disclosure to unspecified federal law enforcement officers who may in the future request the evaluations, the court finds that release of records for this purpose is premature. Without knowing who is requesting the evaluations and for what particular purpose, the court cannot determine the propriety of such a request. Accordingly, the government's motion in this respect will be denied. The government may, of course, renew its motion for release to other law enforcement officials if and when any such officials seek the evaluations.

Respondent argues that "any request for records in the custody of the Bureau of Prisons should be made by the United States Attorney or United States Probation Office in the Eastern District of Virginia, the district where Mr. Matherly would serve his term of supervision, at the appropriate time." (Resp. 2 ¶ 6). As explained in another § 4248 case, the contention has no merit:

> The court sees nothing improper with counsel for the government in this district seeking production of the reports in question. The request is being made on behalf of the United States. Efficiency is promoted by having its counsel in this district litigate the request, rather than requiring its counsel from another district do so. This court is undoubtedly a proper forum for the request because the reports were produced in litigation here.

25 June 2012 Order (D.E. 65), *United States v. Villegas*, No. 5:07-HC-2113-BR, 2012 WL 2395168, at *2 (E.D.N.C.).

## CONCLUSION

For the foregoing reasons, the government's motion (D.E. 148) is ALLOWED IN PART AND DENIED IN PART on the following terms:

1. The Bureau of Prisons may produce forensic psychiatric or psychological evaluations of the respondent filed under seal in this court (i) to the appropriate official(s) of the state in which the respondent is domiciled or was tried for the purpose of complying with 18 U.S.C. § 4248(d) and (ii) to the appropriate United States Probation Office(s) for purposes of coordinating the psychological, psychiatric, and other mental health treatment of respondent while on supervised and/or conditional release and otherwise facilitating the supervision of the respondent in accordance with the terms of such release.

2. Any documents marked as "Attorney's Eyes Only" pursuant to paragraph 4(h)(iii) of this court's Standing Order re Procedures for Commitments under 18 U.S.C. § 4248, no.

3

10-SO-01 (E.D.N.C. 4 Aug. 2010) shall remain subject to the provisions thereof and shall not be shown to the respondent without (i) the consent of counsel for the government or the state assuming responsibility for respondent's custody, care, and treatment, and counsel for respondent, or (ii) an order of a court of competent jurisdiction.

SO ORDERED, this 24th day of July 2013.

James E. Gates
United States Magistrate Judge